70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John H. JOHNSON, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 95-35055.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 14, 1995.*
Decided Nov. 6, 1995.
 
 Before: CHOY, SKOPIL, FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John H. Johnson appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. He was convicted in a Washington state court of first degree murder in violation of RCW Sec. 9A.32.030. Johnson contends that the information violated the Sixth Amendment because it did not adequately apprise him of the charges against him. He also argues the information violated Washington law. Finally, he contends that the prosecutor ambushed him by suggesting for the first time in closing argument that Larry Handis, a person other than the victim named in the information, may have been the victim of an assault. We review de novo the district court's determination that the information filed against Johnson complied with constitutional requirements. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied sub nom., James v. White, 115 S.Ct. 333 (1994). We affirm.
 
 
 3
 "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." United States v. Schmidt, 947 F.2d 362, 369 (9th Cir.1991) (internal quotation omitted). Here, the amended information charged Johnson and his co-defendants with causing the death of Brenda Jackson while "committing or attempting to commit the crime of First Degree Burglary ... as proscribed by RCW 9A.32.030." First degree burglary is defined as: "with intent to commit a crime against a person or property therein, [defendant] enters ... a dwelling and ... the actor or another participant ... is armed with a deadly weapon or assaults any person therein." Wash.Rev.Code Sec. 9A.52.020(1). Johnson contends that the information should have set forth the predicate crime to first degree burglary upon which the State intended to rely. We disagree. The State is not required to divulge its theory of the case in an indictment or information. See Calderon v. Prunty, 59 F.3d 1005, 1009 (9th Cir.1995) (information need not include "method" of charged crime); United States v. ORS, Inc., 997 F.2d 628, 629 (9th Cir.1993) ("The government need only allege the essential facts necessary to apprise a defendant of the crime charged and not its theory of the case." (internal quotation omitted)).
 
 
 4
 In addition, Johnson received further notice of the nature and cause of the charges against him from the bill of particulars submitted by the prosecutor on the first day of trial and from the testimony at trial. See Calderon, 59 F.3d at 1009 (defendant can be put on sufficient notice of the charges against him by the charging document, a bill of particulars, or testimony at trial). The bill of particulars specifically identified intent to commit assault as the theory underlying burglary.
 
 
 5
 Johnson also contends that the information violated Washington law. We will not examine this issue because it was previously raised by Johnson on appeal and rejected by the Washington Court of Appeals. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("it is not the province of the federal habeas court to reexamine state court determinations of state law questions").
 
 
 6
 Finally, we reject Johnson's argument that he was ambushed by the prosecutor on closing argument. Johnson was alerted that the prosecutor might rely on the assault of Handis to establish first degree burglary. The language of the burglary statute prohibits an assault upon "any person" in the dwelling. See Wash.Rev.Code Sec. 9A.52.020(1). In addition, Handis' testimony at trial about the events surrounding the murder alerted Johnson to the State's assault theory.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3